IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GAIL JOINER as guardian of
TERRELL EXPOSE and for TERRELL EXPOSE                                PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 2:09cv196KS-MTP

YAMAHA MOTOR CORPORATION, U.S.A.;
ZELDA PENN; and JOHN DOES 1-10                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand filed by Plaintiff Gail Joiner, as guardian of Terrell Expose and for Terrell Expose. [Doc. # 4] (October 13, 2009) and memorandum in support [Doc. # 5]. Defendant Yamaha Motor Corporation, U.S.A. ("Yamaha") opposes the motion. Def.'s Resp. [Doc. # 9] (October 30, 2009); Mem. Supp. Resp. [Doc. # 10] (October 30, 2009). The sole question presented is whether non-diverse defendant Zelda Penn, who did not join in the removal, was fraudulently joined. Because Yamaha has not demonstrated that Plaintiff cannot establish a negligence cause of action against Penn, this court lacks subject matter jurisdiction and the motion to remand should be **granted**.

## I. BACKGROUND

On May 11, 2008, at approximately 8:45 p.m., Terrell Expose, a minor, was injured while operating a Yamaha Banshee all-terrain vehicle ("ATV") on East Rose Hill Road in Prentiss, Mississippi. The ATV rolled over and ejected Expose causing various injuries, including a "catastrophic head injury." Compl. ¶ 7 [Doc. # 1-2]. Expose allegedly swerved in order to avoid Defendant Zelda Penn, who was walking down the roadway in the lane of traffic towards

1

Expose. Rebuttal, Ex. A, Tyson Aff. ¶ 3 [Doc. # 11-2]. On July 3, 2009, Plaintiff Gail Joiner, Expose's mother and guardian, filed suit against Yamaha and Zelda Penn in the Circuit Court of Jefferson Davis County, Mississippi. Her complaint raises several claims against Yamaha, the ATV manufacturer, including strict liability, negligence, marketing defects, and gross negligence. Her sole claim against Penn is negligence. Compl. ¶ 8. Her complaint states:

> 8. NEGLIGENCE. Defendant Penn was negligent in various respects including but not limited to obstructing the roadway. The negligent acts and/or omissions of Defendant Penn, among others, constitutes a contributing cause of the subject incident and of the resulting damages and injuries to Plaintiff.

Compl ¶ 8. No other facts are offered regarding Penn's alleged wrongdoing.

On September 18, 2009, Defendant Yamaha filed its Notice of Removal. [Doc. #1]. Yamaha filed this Notice within 30 days of its receipt of the complaint on August 28, 2009. Penn did not join in this Notice of Removal, and instead filed her answer in the state court. Joiner filed a motion to remand on October 13, 2009. In support of her motion to remand and her claim of Penn's negligence, Joiner attached the affidavit of Roderick Tyson, a witness to the accident, to her rebuttal. Tyson stated: "I saw a black female, Zelda Penn, in the roadway and she caused Expose to take evasive action to avoid hitting her as she was in the road in his lane of travel." Tyson Aff. ¶ 3. The Court entered an Order allowing Yamaha an opportunity to respond to the affidavit and allowing 45 days to conduct remand-related discovery limited to the potential liability of Zelda Penn. [Doc. # 12].

## II. STANDARD OF REVIEW

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). 28

U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds $ 75,000.00 and the civil action is between citizens of different states. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing cases).

Generally, all Defendants to an action must consent to the removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). However, a removing party does not need the consent of parties they claim have been fraudulently joined. *Id.*

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The removing party must show either that there is no reasonable "possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549 (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al,* 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964)).

This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the non-diverse defendant. *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986). Those allegations must be construed most favorably to the plaintiff as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiff. *B. Inc.*, 663 F.2d at 549; *see also Bobby Jones Garden Apts.*, 391 F.2d at 177;

*Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

The United States Supreme Court has recently clarified the plaintiff's initial pleading burden under Rule 8(a) to sufficiently state a claim and survive a Rule 12(b)(6) motion. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* The Court further stated:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557, 127 S.Ct. 1955.

*Id.*

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony. *See Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392-93 (5th Cir. 2000); *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001). Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no

4

reasonable basis for predicting that the plaintiff might establish liability on that claim. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Badon*, 224 F.3d at 390. "We do not, . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon,* 224 F.3d at 394 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

> Regarding piercing the pleadings in an improper joinder case, the Fifth Circuit held that
>
> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc)(internal footnotes omitted), *cert. denied*, 544 U.S. 992 (2005). However, the Fifth Circuit went on to caution,

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted).

### III. APPLICATION AND ANALYSIS

To avoid remand, Yamaha must prove that Joiner cannot establish a cause of action against Penn, and that Penn is therefore fraudulently joined. Without the joinder of Penn, who like Joiner is a citizen of Mississippi, there is complete diversity between the parties and this Court would have proper jurisdiction. Since Yamaha claims Penn was fraudulently joined, her lack of consent to the removal alone is not grounds for remand.

Joiner has established a plausible basis for a negligence claim against Zelda Penn. "A plaintiff in a negligence suit must prove by a preponderance of the evidence (1) duty, (2) breach of duty, (3) causation, and (4) injury." *Patterson v. Liberty Assoc's, L.P.*, 910 So.2d 1014, 1019(¶ 14) (Miss. 2004) (citing *Miss. Dep't of Transp. v. Cargile*, 847 So.2d 258, 262(¶ 11) (Miss. 2003)). If Defendant has violated a safety statute, he may be negligent per se if "(1) the plaintiff is a member of the class sought to be protected by the statute, and (2) the resultant harm is of the type sought to be prevented by the passage of the statute." *Haver v. Hinson*, 385 So.2d 605, 608 (Miss. 1980).

Under Mississippi law, drivers have a duty to anticipate the presence of pedestrians and to maintain constant lookout and control of their vehicles. *See Fowler Butane Gas Co. v. Varner*, 141 So.2d 226, 230 (Miss. 1962). Mississippi Code imposes a duty on all drivers to "exercise due care to avoid colliding with any pedestrian." MISS. CODE ANN. § 63-3-1112. Under Mississippi law, pedestrians have rights and duties as well. The Mississippi Supreme Court has held that, "[i]n the absence of a statute to the contrary, a pedestrian has the right to use and travel upon any portion of a public highway at any time of the day or night, 'and his rights and the rights of one operating a vehicle thereupon are mutual, reciprocal, and equal.'" *Layton v.*

*Cook*, 160 So.2d 685, 696 (Miss. 1964). Mississippi Code does include statutes limiting pedestrians' rights and creating duties. *See* MISS. CODE ANN. §§ 63-3-1101 through 63-3-1113. Section 63-3-1105 states that, "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." MISS. CODE ANN. § 63-3-1105. Mississippi law also makes it a criminal misdemeanor to intentionally obstruct a public street or highway or willfully impede traffic. *See* MISS CODE ANN. §§ 97-35-23 & 97-35-25. However, the Court need not consider this criminal statute as the duty created by § 63-3-1105 is sufficient to create a reasonable basis for a negligence cause of action against Penn.

The Mississippi Supreme Court has considered pedestrian negligence in several cases, but mainly in the situation where an injured pedestrian sues a driver. *See Motorola Comm. & Elec. Inc., v. Wilkerson*, 555 So.2d 713 (Miss. 1989) (jury issue whether decedent pedestrian was comparatively negligent); *Walters v. Gilbert*, 158 So.2d 43 (Miss. 1963); *Snyder v. Campbell*, 110 So. 768 (Miss. 1926) (reducing pedestrian's recovery in proportion to negligence in crossing street). The Court could find no case in which a driver sued a pedestrian for injuries arising out of the pedestrian's negligent conduct. However, pedestrians have a statutory duty to yield to vehicles in certain situations under Mississippi law, and evidence of a breach of that duty causing harm to another would create a classic negligence cause of action. For instance, in *Hornburger v. Baird*, the federal district court held that an intoxicated pedestrian clad in dark clothing who was hit by a vehicle while walking down the center of an unlit highway on a foggy night was contributorily negligent because he failed to yield the right of way to the vehicle, which a pedestrian has a duty to do when he is not in a crosswalk or intersection under § 63-3-

1105.  *See Hornburger v. Baird*, 508 F.Supp. 84, 86-87 (N.D. Miss. 1980).   The court also held that negligence on the part of the pedestrian did not absolve the vehicle's driver of his liability. *Id.* at 86.  The court held the driver 50% liable because he failed to reduce speed in poor weather, sound horn, or exercise proper precaution to avoid collision.  *Id.*; *see also Layton v. Cook*, 160 So.2d 685, 699 (Miss. 1964)("Whether [pedestrian] was contributorily negligent was a question for the jury, but under our comparative negligence statute, this would reduce the quantum of damages, not eliminate [the driver's] liability.").

Turning first to Joiner's complaint, the plaintiff has not specifically alleged any facts or particular activity that would support her legal conclusion of negligence or negligence per se, but only presents the bare allegation that Penn was "obstructing the roadway."  Comp. ¶¶ 7-8 [Doc. # 1-2].  Without knowing the circumstances due to the complete absence of evidence or factual allegations, there is no reasonable basis for predicting that Joiner can establish Penn's liability. Although the Court must resolve *conflicting* evidence in favor of the plaintiff, the Fifth Circuit in *Baden* has clearly instructed that in the absence of proof, the court is under no obligation to assume that the plaintiff "could or would prove the necessary facts."  Joiner's claim as stated in the complaint would not survive a Rule 12(b)(6) motion under the pleading standard set forth by the United States Supreme Court in *Iqbal* because it lacks sufficient factual matter to demonstrate that a negligence claim against Penn is even plausible.

Although the complaint is insufficient to state a cause of action against Penn, Tyson's affidavit and deposition provide a reasonable basis for Joiner to establish Penn's liability.  Tyson averred in his affidavit that Penn was "in the road in [Expose's] lane of travel" and that "she caused Expose to take evasive action to avoid hitting her."  Tyson Aff. ¶ 3.  In his deposition,

8

Tyson provided some more details of the incident. He testified that Penn was walking in the road toward oncoming traffic, at "dusk dark," wearing dark clothing, and carrying a can of beer. Tyson Depo. at 7, 11-12, 20-21. He also stated that Penn was walking in the road and not on the shoulder. *Id.* at 30. Although this scant evidence may not be enough to determine the extent of Penn's liability, the court is not tasked with determining whether the claim can succeed on its merits, but only whether there is a reasonable basis that such a claim could succeed. Yamaha, on the other hand, has not identified any undisputed fact that would preclude Joiner's recovery. For instance, Yamaha has not presented evidence that an obstruction forced Penn into the roadway or that she made any attempt to yield the right of way as required by § 63-3-1105. Therefore the court finds that the Plaintiff has created at least a possibility of recovery against Penn.

The issues of whether Expose was legally on the roadway or exercised the requisite care under the statutes are not relevant to the validity of the joinder of Penn. As noted above, both parties have duties under Mississippi law, and the duties are not mutually exclusive. Just as the driver in *Hornburger* was partially liable for breaching his duties as a driver, so may Expose be found partially liable for driving his ATV on the road at allegedly improper speeds and allegedly without the proper licensing, insurance, and equipment. Evidence of Expose's contributory negligence does not suffice to demonstrate that there is no reasonable basis for liability of Zelda Penn. Therefore, Yamaha has failed to meet its heavy burden in proving that Penn was fraudulently joined.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand [Doc. #4] is **GRANTED**, and the Clerk of this Court is directed to immediately return this case to the Circuit Court of Jefferson Davis County, Mississippi.

SO ORDERED AND ADJUDGED on this, the 3rd day of February, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE